UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMETRIUS J. JACKSON,

Plaintiff,

v.

CAUSE NO. 3:19-CV-984-JD-MGG

BRUCE ELLIOTT and DAVID
GLICKFIELD, JR.,

Defendants.

OPINION AND ORDER

Demetrius J. Jackson, a prisoner without a lawyer, is suing Bruce Elliott and David Glickfield, Jr., the two public defenders who represent him in his State criminal case. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson is a State criminal defendant. Bruce Elliott and David Glickfield, Jr., are the appointed public defenders in his State criminal case. He alleges they are not properly representing him and are unresponsive to his requests. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him

of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Here, the facts do not permit such an inference because a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim.

SO ORDERED on November 27, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

2